UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

JOHN BEARD,

      Plaintiff,

v.                           Case No. 04-3119

UNITED STATES OF AMERICA,

      Defendant.

Order Denying Summary Judgment

The plaintiff seeks return of $2,817.00 that he alleges was forfeited without constitutionally adequate notice to him.[1] Before the court is the defendant's motion for summary judgment, which is denied for the reasons below.

Undisputed Facts

A party moving for summary judgment must show, from the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, . . ." that there is no genuine issue of material fact and that the "moving party is entitled to judgment as a matter of law. *Outlaw v. Newkirk*, 259 F.3d 833, 837 (7th Cir. 2001), *citing Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986);Fed. R. Civ. P.56(c). The relevant facts here are not in dispute:

    1.  The plaintiff was arrested on October 12, 1999. (d/e 9, Ex. A)

    2. When arrested, the plaintiff provided an address of 1639 West Lake, Chicago. (d/e 9, Ex. A, p. 2)

    3. When arrested, the plaintiff had $2,817. (d/e 9, Ex. A, p. 3)

    4. When arrested, the plaintiff's earring was seized. (d/e 9, Ex. B)

    5. On October 21, 1999, the plaintiff was released from jail on an Appearance Bond and an Order Setting Conditions of Release. (d/e 9, Ex. C; d/e 18, Ex. H).

    6.  The Order Setting Conditions of Release listed the plaintiff's address as 2214 West Warren, Chicago, Illinois and stated in pertinent part that the defendant "SHALL RESIDE AT 2214 WEST WARREN CHICAGO, ILLINOIS."  (d/e 18, Ex. H, p. 2, 7(i))(caps in original).  The Order also directed the plaintiff to advise the Court and the U.S. Attorney of any change in address immediately.  (*Id*. p. 1, (2)).  Additionally, the Order required the plaintiff to remain at the West Warren address all day Monday; from 8:00 p.m. to 7:00 a.m. Tuesday through Friday; from 10:00 p.m. Saturday to 6:00 a.m. Sunday; and Sunday after 5:00 p.m.. *(Id,* p. 3, (curfew paragraph)).

    7. On November 9, 1999, the F.B.I. sent notice to the plaintiff by certified mail, return-receipt requested, of its seizure and intent to forfeit the $2,817.00, to the following addresses (d/e 9, Ex. D):

---

[1]The plaintiff also alleged a diamond ring had been forfeited, but the Government has agreed to return it to him, and the plaintiff represents he has arranged for its return.  (d/e 9, Ex. B; d/e 13, p.1).  The ring is therefore no longer an issue in this case.

    a)    7443 Washington Street, Forest Park, Illinois, 60130. The return receipt indicated "Attempted not known" (November 15, 1999).

    b)    1639 West Lake, Chicago, Illinois, 60612. This is the address the plaintiff had given on his arrest on October 12, 1999. The return receipt for the West Lake Address indicated that the notice was signed for by someone named Robert (last name partly illegible) on November 16, 1999. The plaintiff asserts that "Robert" is his 12 year old nephew, "Robert Duling, Jr.," and that Robert did not inform his mother of the notice. (d/e 3, ¶¶ 2-3). The plaintiff submits what purports to be a letter from Robert Duling, Jr., in which Robert states he has no recollection of signing for or receiving the letter, or giving it to his mother. (d/e 16). He also submits a purported letter from Robert's mother, Felicia Beard, in which she states that she has no knowledge of the letter. (d/e 17).

    8. The Government also sent notices of the forfeiture to Tracy Lewis at two different addresses. (d/e 9, Ex. D). Lewis had been arrested and charged with the plaintiff. One of these return receipts indicates a T. Lewis received the notice. The plaintiff asserts that Lewis had no interest in the money and did not inform him of the forfeiture notice.

    9. Notice of the seizure and intent to forfeit was also published for three weeks in the New York Times in November and December, 1999. (d/e 9, Ex. D)

    10. No claim challenging the forfeiture was filed. (d/e 9, p. 4)

    11. The criminal charges against the plaintiff based on the October 12, 1999 arrest were dismissed in January, 2000. (*USA v. Beard*, 99-mj-3050, C.D. Ill).

    12. In March, 2000, the money was forfeited administratively. (Id., p. 5).

    13. On October 24, 2001, the plaintiff was charged again based on the October 12, 1999 arrest. *(USA v. Beard*, 02-cr-30040, C.D. Ill.). He was ultimately found guilty (the first jury hung), and the Seventh Circuit Court of Appeals denied his appeal on January 12, 2004. *U.S. v. Beard*, 354 F.3d 691 (7th Cir. 2004).

Analysis

    Although the court does not have jurisdiction to review the merits of the forfeiture, the court does have jurisdiction to review whether constitutionally adequate notice was given to the plaintiff of the forfeiture proceeding. *Garcia v. Meza*, 235 F.3d 287, 290 (7th Cir. 2000). "If the notice fails to comport with the requirements of due process, the underlying forfeiture action is void." *Id.* If void, the forfeiture must be set aside, and the government may either return the money or initiate a judicial forfeiture. *Id.* at 292.

    The legal test is whether the notice was "'reasonably calculated, under all of the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *Dusenberry v. U.S.,* 534 U.S. 161, 168, 122 S.Ct. 694, 700 (2002), *quoting Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S.Ct. 652 (1950). *Actual* notice is not constitutionally required–"[i]nstead, we have allowed the Government to defend the 'reasonableness and hence the constitutional validity of any chosen method . . . on the ground that it is in itself reasonably certain to inform those affected.'" *Dusenberry*, 534 U.S. at 170; *quoting Mullane,* 339 U.S. at 315. "The operative question is whether notice was adequate at the time that the notice was sent, and due process is not satisfied "'if the notifying party knew or had reason to know that notice would be ineffective.'" *Krecioch v. U.S.*, 221 F.3d 976, 980 (7th Cir. 2000)(quoted cited omitted).

    The government's summary judgment motion mentions nothing about the plaintiff's release on bond and the Order Setting Conditions of Release, which required him to reside at the West Warren address. Their argument focuses instead on the fact that the notice was successfully delivered to the West Lake address–the address the

2

plaintiff had given on his arrest. In its reply, the government posits that the Order Setting Conditions on Release did not require the plaintiff to be "home at all times," though how that matters is a mystery.

The court does not believe the government has met its burden of showing that its notice to the West Lake address was reasonably certain to inform the plaintiff of the forfeiture under the circumstances–the primary circumstance being that the plaintiff's release on bond *required* him to reside at the West Warren address. The Order indicates a copy was sent to the U.S. Attorney (d/e 18, p. 1), and the AUSA was present at the hearing on October 21, 1999, which culminated in the Appearance Bond and Order listing the West Warren address. (d/e 9, Ex. C). On the present record, then, the government knew or had reason to know that mailing the notice to the West Lake address would not be effective, even if someone there signed for it, because the plaintiff was required to reside at the West Warren address.[2] As to publication, "'[n]otice by publication is not sufficient with respect to an individual whose name and address are known or easily ascertainable,'" as they were in this case. *Garcia*, 235 F.3d 292, *quoting Robinson v. Hanrahan*, 409 U.S. 38, 40, 93 S.Ct. 30 (1972). Accordingly, the government is not entitled to summary judgment on the present record.

In fact, it is clear on the present record that the plaintiff is entitled to summary judgment, not the government. Notice to the West Lake address was constitutionally inadequate, and the government does not dispute that no notice was sent to the West Warren address, where the plaintiff was required to reside as a condition of his release. The court may grant summary judgment sua sponte with proper notice to the parties, "as long as the losing party is given notice and an opportunity to come forward with its evidence." *Jones v. Union Pacific R.R. Co.*, 302 F.3d 735, 740 (7th Cir. 2002); *Osler Institutute v. Ford*, 386 F.3d 816, 836 (7th Cir. 2003)("Granting summary judgment sua sponte is permissible, although it is a hazardous procedure which warrants special caution."); *see also Goldstein v. Fidelity & Guar. Ins. Underwriters, Inc.*, 86 F.3d 749, 751 (7th Cir. 1996); *R.J. Corman Derailment Serv., LLC v. International Union of Operating Engineers*, 335 F.3d 643, 650 (7th Cir. 2003)(sua sponte summary judgment may only be granted "when it is clear that neither side will be disadvantaged or unfairly surprised by the move."). The government will accordingly be given an opportunity to show why the forfeiture should not be declared void and set aside.

IT IS THEREFORE ORDERED:

1) The defendant's motion for summary judgment is denied (d/e 9).

2) The defendant shall have 21 days from the entry of this order to show that genuine issues of fact or law exist that preclude summary judgment in favor of the plaintiff. The plaintiff shall have 14 days thereafter to respond. If the defendant does not make such a showing, summary judgment will be entered in favor of the plaintiff. The forfeiture action will be declared void and the government will be directed to return the plaintiff's money or to initiate a judicial forfeiture.

Entered this 2nd day of September, 2005.

s\Harold A. Baker

HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE

---

[2] The plaintiff initially asserted that his address on release was "355 CiCero, 2d floor." The plaintiff later conceded that West Warren was the correct address, explaining that he had confused the first Order Setting Conditions on Release with an order in his subsequent criminal proceedings. (d/e 19). The plaintiff does not say whether he actually resided at the West Warren address as he was required, but that is not relevant to determining whether notice to the West Lake address was constitutionally adequate.